**Adela Bautista FRANCO, Plaintiff,**

v.

**COUNTY OF MARIN, The State of California, and James P. Cappe, Defendants.**

**No. C 83–5247 SAW.**

United States District Court,
N.D. California.

Feb. 21, 1984.

John D. O'Connor, Gregory P. Einhorn, Tarkington, Carey, O'Connor & O'Neill, San Francisco, Cal., for plaintiff.

Sterling L. Ross, Mill Valley, Cal., John K. Van de Kamp, Atty. Gen., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

WEIGEL, District Judge.

Plaintiff Adela Bautista Franco, a citizen of Mexico, filed a complaint in this Court on October 27, 1983, naming as defendants the County of Marin, the State of California, and James P. Cappe. In her complaint, she alleges that she attempted to buy a parcel of real property located in Sausalito, California from its former owner, Arnel M. Gener. According to the complaint, plaintiff and Gener on May 16, 1978, entered into a written contract for her purchase of the Sausalito property. At the same time, however, Gener conducted negotiations for the sale of the property to James Cappe, a defendant herein. Cappe, contending that he had obtained enforceable rights to the Sausalito property prior to consummation of the Gener-Franco contract, filed suit in Marin County Superior Court for an order requiring Franco to transfer title to Cappe upon due payment. The state court ruled in favor of Cappe and granted the requested relief. On appeal, the California Court of Appeal affirmed. The California Supreme Court also refused to set aside the judgment in favor of Cappe.

In her complaint, plaintiff alleges that the decision by the state trial court in this case was arbitrary and capricious because it was reached "in disregard of uncontroverted evidence" and "in complete disregard of California black letter contract law." The Court of Appeal's decision is likewise claimed to be arbitrary and erroneous. The net effect of these decisions, plaintiff alleges, was to deprive her of her property without due process of law. Consequently plaintiff seeks an injunction, damages and other relief pursuant to 42 U.S.C. § 1983. Plaintiff further alleges that she is entitled to recover damages under 42 U.S.C. § 1985 because the defendants acted together in a conspiracy to deprive her of constitutionally protected property rights.

Defendants State of California and Cappe now move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that it fails to state a claim upon which relief may be granted. The two defendants employ differing arguments in support of their respective motions. The Court will discuss each in turn.

### 1. *Defendant State of California*

The State of California urges that plaintiff's complaint against it should be dismissed because (1) the state is immune from suit by virtue of the Eleventh Amendment; (2) the underlying action is based on the conduct of state judges, who are absolutely immune from suits concerning their official actions, and (3) plaintiff's suit is barred by res judicata and collateral estoppel.

The State is correct in its first argument that the Eleventh Amendment

prevents this Court from entertaining plaintiff's action. In the absence of consent, a suit in which the State is named as the defendant is proscribed by that amendment. *Pennhurst State School & Hospital v. Halderman,* — U.S. —, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *see Litton Industries, Inc. v. Colon,* 587 F.2d 70, 73 (1st Cir.1978). Plaintiff has not alleged that the State has consented to her suit. Thus, the suit against the State may not be maintained. It is unnecessary to discuss the State's other arguments.

### 2. *Defendant Cappe*

Defendant Cappe urges that plaintiff's complaint against him should be dismissed because (1) plaintiff's claims are barred by res judicata; (2) the allegations of plaintiff's complaint do not show that Cappe engaged in any form of state action, and thus the complaint fails to state any claim under 42 U.S.C. § 1983; and (3) the complaint fails to allege facts sufficient to constitute grounds for relief under 42 U.S.C. § 1985(3).

The rule governing the preclusive effect of a prior state court judgment in a subsequent federal action based upon 42 U.S.C. § 1983 was recently articulated by the Supreme Court in *Migra v. Warren City School District Board of Education,* — U.S. —, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). The state court judgment in the litigation between plaintiff and Cappe must receive the same claim preclusive effect in federal court that the judgment would have in the California state courts. *Id.* at 897. Thus, if the section 1983 action would be barred in California courts, then it cannot be entertained by this Court.

The parties have provided no guidance for the Court with respect to the relevant California rule of claim preclusion. The Court has been unable to locate any California authority directly on point. The general rule of California claim preclusion law appears to be that "[a] valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." *Slater v. Blackwood,* 15 Cal.3d 791, 795, 543 P.2d 593, 594, 126 Cal.Rptr. 225, 226 (1975). The question whether the "same cause of action" is involved is determined by whether the complaint alleges injury to the same "primary right." *Id.* "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." *Id.,* 543 P.2d at 595, 126 Cal.Rptr. at 227. Plaintiff's action appears to present a claim based on an alleged injury to the same property interest which was the subject of the prior state court litigation. The *Slater* rule is not precisely on point here, however, because the present plaintiff was the *defendant* in the earlier action, and because the plaintiff's complaint alleges that her injury was caused by the very judicial actions which formed the substance of the state court proceedings now invoked as a bar.

Further doubt about the proper application of California res judicata principles arises from the fact that California courts have in several instances refused to bar subsequent suits in situations arguably similar to that now before the Court. For example, in *Agarwal v. Johnson,* 25 Cal.3d 932, 603 P.2d 58, 160 Cal.Rptr. 141 (1979), the plaintiff filed suit to recover damages for defamation and intentional infliction of emotional distress based on events surrounding his termination from employment by the defendants after he had previously lost in federal court on a Title VII claim for discriminatory discharge. The California Supreme Court ruled that res judicata did not bar the second action, even though the action involved the same operative facts as the earlier federal case. *Id.* at 954, 603 P.2d at 72, 160 Cal.Rptr. at 155. *See also Sawyer v. First City Financial Corp.,* 124 Cal.App.3rd 390, 177 Cal.Rptr. 398 (1981). Both of these cases can be distinguished from the present one, however, on the ground that harms to different "primary rights" were at issue in the subsequent lawsuit.

The Court will not engage in further speculation as to whether California courts would hold plaintiff's action barred. It is clear that defendant Cappe's motion to dismiss must be granted for other reasons.

In order to maintain an action for redress of a deprivation of federal statutory or constitutional rights without due process of law pursuant to 42 U.S.C. § 1983, plaintiff must allege conduct causing the alleged deprivation that is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982). This requirement is not satisfied unless "the party charged with the deprivation ... may fairly be said to be a state actor." *Id.* Plaintiff's section 1983 claim against Cappe must be dismissed because the allegations of the complaint do not establish that Cappe was a state actor.

Plaintiff argues that Cappe was a state actor because he instituted the legal proceedings that resulted in a judgment by the Superior Court of Marin County, a state organ, that allegedly deprived plaintiff of a constitutionally protected right. Such conduct has never been held to constitute state action. The Supreme Court has stated that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). Plaintiff does not allege any conspiracy between Cappe and the court involving bribery or other improper influence. *Cf. id.*

The cases relied on by plaintiff in support of her contention that she may maintain this action did not involve any attempt to impose section 1983 liability on a private party as a result of that party's success in state litigation. *See Robinson v. Ariyoshi*, 441 F.Supp. 559, 561–62 (D.Hawaii 1977) (all real party in interest defendants were "state officials"); *Sotomura v. County of Hawaii*, 402 F.Supp. 95, 97 n. 2 (D.Hawaii 1975) (defendants were all state officials). It is not now necessary for the Court to assess the soundness of those decisions.

The most recent exposition by the Supreme Court of the state action doctrine in the context of section 1983 suits against private persons for deprivations caused by access to judicial mechanisms came in *Lugar*. In that case, the Court ruled that the plaintiff had successfully alleged state action when he alleged that the defendant caused his property to be seized pursuant to an allegedly unconstitutional state procedural statute. 457 U.S. at 941, 102 S.Ct. at 2756. Plaintiff here does not argue that the California state court *procedure* was defective under the Due Process Clause; she merely argues that the result produced by that procedure was defective. That *Lugar* does not provide authority for plaintiff's suit against Cappe is shown by the Court's description of the purpose of the state action restriction on section 1983 suits. "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Id.* at 937, 102 S.Ct. at 2754. Plaintiff's attempted action against Cappe matches Justice White's paradigm. The section 1983 claims against Cappe must be dismissed.

Plaintiff's 42 U.S.C. § 1985 claims against Cappe must likewise be dismissed. To withstand a Rule 12(b)(6) motion to dismiss, a section 1985 conspiracy claim must contain more than bare conclusory allegations of conspiracy. *E.g., Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982). In particular, the complaint must contain "specific allegations of 'class-based animus'." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir.1980) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1970)). The only allegation of the complaint that might conceivably relate to class-based animus is the allegation that plaintiff is a citizen of Mexico. But even assuming, *arguendo*, that animus against Mexican citizens could form the basis for a section 1985 claim, plaintiff's complaint is still deficient because it fails to allege any facts that would demonstrate that her al-

ienage was the reason for the acts of which she complains. *Jafree,* 689 F.2d at 643.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's complaint as to defendants State of California and James P. Cappe is dismissed.