**R & W FARMS, INC., and Riteway, Plaintiffs,**

v.

**GRAND RIVER CO–OP, Karen A. Henell, Arnold Sova, Russell E. Zastrow, Dwayne Krueger, David F. Dillie, Wilton Hilger, Darwin Kelm and Eugene Henke, Defendants.**

**Civ. A. No. 84–C–596.**

United States District Court, E.D. Wisconsin.

Aug. 23, 1984.

William J. Ruetz, Jonathan A. Mulligan, Kenosha, Wis., for plaintiffs.

Karen A. Henell, Princeton, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action under 42 U.S.C. § 1983 alleging a deprivation of property rights in violation of the due process clause of the Fourteenth Amendment. The action will be dismissed *sua sponte*.

The following facts are alleged in the complaint and are presumed to be true. The plaintiff R & W Farms, Incorporated ("R & W Farms") is a Wisconsin corporation engaged in the business of farming. Plaintiff Riteway is a Wisconsin limited partnership engaged in the business of leasing farm equipment and livestock. Defendant Grand River Co-op ("Grand River") is a Wisconsin cooperative engaged in the business of selling farm supplies, fuels, and miscellaneous goods. Defendant Sova is Grand River's manager. Defendant Henell is Grand River's attorney. The remaining defendants are Grand River's directors. All the individual defendants are Wisconsin residents.

On March 15, 1984, Grand River sued plaintiffs in Green Lake County Circuit Court, seeking recovery of monies due on the sale of goods and equipment to R & W Farms. Riteway subsequently moved to dismiss. On April 27, 1984, the defendants met and agreed to seek an attachment of Riteway's property in furtherance of a claim against Riteway that they knew to be legally and factually unfounded. Defend-

ant Sova thereupon executed an affidavit in support of a writ of attachment. On the basis of the affidavit, defendants secured a prejudgment writ of attachment from the Green Lake County Circuit Court. The affidavit did not set forth specific factual allegations to show that there was a basis for the writ.

On May 4, 1984, the Sheriff of Green Lake County attempted to execute the writ by seizing 170 milking cows. The writ presently remains outstanding, the judge having entered a temporary stay of execution but also having refused to vacate the writ. The sheriff, purportedly acting pursuant to the writ, has ordered Riteway not to remove the cows from the premises.

This conduct has deprived Riteway the use of its property on an ongoing basis. Riteway's business reputation has been severely damaged. The defendants undertook their unlawful, conspiratorial scheme in order to pressure plaintiffs into paying a debt that has not been reduced to judgment. Plaintiffs seek compensatory damages, punitive damages, preliminary and permanent injunctions, and costs and attorney's fees under 42 U.S.C. § 1983.

The relevant statute, 42 U.S.C. § 1983, is intended to safeguard against deprivations of federally protected rights undertaken by persons acting under color of state law. In this case, I presume that plaintiffs rely on some federal right, whatever its source might be, to enjoy their property right in the cows, unhindered by private interference undertaken with the assistance of state laws and law enforcement officials.

This case traverses the outer boundaries of the law of constitutional torts. What is really in dispute here is whether the state trial court judge properly issued a writ of attachment in an action pending before the state court. If the plaintiffs in the federal action believe that the state court judge improperly issued the writ, then their remedy is to appeal to the state appellate court. Whatever else 42 U.S.C. § 1983 may be, it is not a substitute for complying with established procedures in state tribunals or for appealing an adverse order of a state court. Nor is it a device for forcing an adversary litigant to fight on two fronts.

THEREFORE, IT IS ORDERED that the action is hereby dismissed.