841 F.2d 1128
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Barney DAHL, Plaintiff-Appellant,
v.
Lloyd FORREST, Director-Department of Motor Vehicles c/o
Office of California Attorney General, Defendant-Appellee.
 No. 86-2662.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 29, 1987.*
Decided Feb. 29, 1988.
 Before WALLACE, TANG and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barney Dahl appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint against Lloyd Forrest, director of the California Department of Motor Vehicles (DMV), based on res judicata. The district court gave preclusive effect to California state court proceedings which already had decided Dahl's claims against Lloyd. Dahl contends that the principle of res judicata is inapplicable to his case and that his due process rights were violated in that he was not given a fair hearing in the state court. The judgment is affirmed.
 
 
 3
 On May 9, 1984, Dahl applied for a Class 1 driver's license in California. The DMV refused to issue the license and suspended his driving privileges after administrative proceedings involving reexamination of his fitness to drive. The DMV upheld the suspension on administrative review.
 
 
 4
 On November 15, 1984, Dahl filed a petition for writ of mandate and alternative writ of mandate in California Superior Court, seeking reinstatement of his driving privileges. His petition was denied after oral argument on August 21, 1985, and judgment was entered for the director of DMV on December 6, 1985.
 
 
 5
 On January 31, 1986, Dahl filed this action in federal district court against the director of DMV, Lloyd Forrest, alleging that DMV's actions denied him due process. The complaint seeks four million dollars in damages and other appropriate relief. Forrest moved to dismiss on the ground that res judicata barred Dahl's claim. The court granted Forrest's motion and Dahl timely appeals.
 
 ISSUE
 
 6
 The issue is whether the district court properly dismissed Dahl's complaint by giving preclusive effect to the prior state Superior Court judgment.
 
 Res Judicata
 
 7
 "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81 (1984); 28 U.S.C. Sec. 1738.
 
 
 8
 Under California law, "a valid judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." Slater v. Blackwood, 15 Cal.3d 791, 795, 543 P.2d 593, 594, 126 Cal.Rptr. 225, 226 (1975). Res judicata precludes a plaintiff from litigating a claim if the claim relates to the same "primary right" as a claim in a prior action, the prior judgment is final and on the merits, and the plaintiff was a party or in privity with a party in the prior action. Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985). A decision on a petition for writ of mandate seeking review of an administrative order is a final decision on the merits for res judicata purposes under California law. Id.
 
 
 9
 In his complaint to the district court, Dahl alleges the same factual matters which were presented to and decided by the California Superior court.[1] His section 1983 federal claim relates to the same "primary right"--the "right", or more precisely the privilege, to possess a driver's license--as his state-adjudicated claim under the writ of mandate. The violation of one primary right gives rise to only one claim for relief; by invoking the Constitution and section 1983, Dahl has merely presented a new legal theory upon which he seeks recovery. See Takahashi v. Bd. of Trustees of Livingston, 783 F.2d 848, 851 (9th Cir.), cert. denied, 106 S.Ct. 2916 (1986). The state court judgment is final and Dahl has not appealed. Thus, Dahl is precluded from relitigating issues that were raised or could have been raised in his state court action. See Federated Dep't Store, Inc. v. Moitie, 452 U.S. 394, 398 (1981). No amendment of the complaint can cure this defect. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 The judgment is
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dahl claims that DMV conspired to deprive him of his profession, that there were procedural defects in his hearing before DMV which amounted to a deprivation of his due process, that DMV has refused to supply all its records on him, and that the decision of the California superior court had "no basis in law or TRUTH" (ER 17)