[L.A. No. 30490. In Bank. Dec. 24, 1975.]

RAYMONDE ALETA SLATER, a Minor, etc.
Plaintiff and Appellant, v.
JOHN ROBERT BLACKWOOD et al., Defendants and Respondents.

**COUNSEL**

Walter P. Christensen for Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps and Robert G. Steiner for Defendants and Respondents.

## OPINION

**RICHARDSON, J.**—We consider, and will reject, the contention that the unconstitutionality of the guest statute enunciated by us in *Brown* v. *Merlo* (1973) 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505] should be given retroactive effect.

Plaintiff, a minor, was injured in an automobile accident in 1969 while riding as a guest in a car driven by defendant John Blackwood and owned by the defendant Escondido Tire Supply Co., Inc. In March 1970 she filed an action for damages, the complaint being framed in contemplation of the provisions of California's then existing "guest statute" (Veh. Code, § 17158), which limited recovery to death or injuries resulting from intoxication or wilful misconduct. At trial, following plaintiff's opening statement, the court granted defendants' motion for nonsuit on the ground that plaintiff's evidence would not support recovery under section 17158. Judgment for defendant was entered pursuant to Code of Civil Procedure section 581c.

Plaintiff appealed contending that the guest statute was unconstitutional and that recovery should be permitted upon a showing of negligence alone. The Court of Appeal rejected this argument and affirmed the trial court's decision. We denied a hearing in June 1972.

In February 1973 we held the guest statute unconstitutional as applied to an injured nonowner guest. (*Brown* v. *Merlo, supra,* 8 Cal.3d 855.) In May of that year plaintiff, still a minor, filed a new complaint, based on the same accident and naming the same parties as defendants. Her claim was not barred by the statute of limitations. (See Code Civ. Proc., § 352.) In the second action plaintiff sought recovery on a negligence theory, arguing that our decision in *Brown* should be applied retroactively. Defendants demurred to the new complaint on the ground that the original 1970 judgment was res judicata and constituted a bar to the second suit. The trial court agreed, and demurrers to the new complaint were sustained without leave to amend.

Plaintiff appeals, contending that the doctrine of res judicata is not applicable. Specifically, she argues (1) that the first judgment is not a bar to the new complaint because the judgment is based upon separate and distinct causes of action; (2) that the trial court should have exercised its discretionary power to reject the defense of res judicata in the interest of

justice and fairness; and (3) that defendants are estopped from relying on res judicata in this action because they prevented plaintiff from litigating the issue in the prior proceedings. We conclude that these arguments lack merit, and that the judgment should be affirmed.

■ A valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action. (*Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 973 [104 Cal.Rptr. 42, 500 P.2d 1386]; *Panos* v. *Great Western Packing Co.* (1943) 21 Cal.2d 636, 639 [134 P.2d 242]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 192, p. 3332; Rest., Judgments, § 48.) ■ Plaintiff in the matter before us, however, argues that the second complaint states a new "cause of action." In doing so however, she misconstrues the meaning of that term. California has consistently applied the "primary rights" theory, under which the invasion of one primary right gives rise to a single cause of action. (*Busick, supra,* at p. 975; *Wulfjen* v. *Dolton* (1944) 24 Cal.2d 891, 895-896 [151 P.2d 846].) The "primary right" alleged to have been violated in the instant case is plaintiff's right to be free from injury to her person. (See *Panos, supra,* at p. 639; Rest., Judgments, § 63, com. a.) ■ It is clearly established that ". . . there is but one cause of action for one personal injury [which is incurred] by reason of one wrongful act." (*Busick, supra,* at p. 975; see *Panos, supra,* at p. 638; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 34, p. 1717.)

■ Our consideration of plaintiff's argument involves a significant conceptual matter. It is true that plaintiff has asserted different legal theories in the instant case and in her 1970 complaint. ■ However, the "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. (*Peiser* v. *Mettler* (1958) 50 Cal.2d 594, 605 [328 P.2d 953, 74 A.L.R.2d 1].) Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." (3 Witkin, *supra,* Pleading, § 24, p. 1709; and see *Panos* v. *Great Western Packing Co., supra,* 21 Cal.2d at pp. 638-639; *Ford Motor Co.* v. *Superior Court* (1973) 35 Cal.App.3d 676, 679 [110 Cal.Rptr. 59].) ■ We therefore cannot accept plaintiff's first contention.

Plaintiff, however, points to certain language in *Brown* v. *Merlo, supra,* 8 Cal.3d 855 at pp. 860, 863, in which we refer to the "cause of action"

for negligence and the "cause of action" for violation of the former guest statute. It is argued that by use of such language we have implicitly agreed that a case such as this one gives rise to multiple causes of action. However, the phrase "cause of action" is "often used indiscriminately to mean what it says and to mean *counts* which state differently the same cause of action, . . ." (*Eichler Homes of San Mateo, Inc.* v. *Superior Court* (1961) 55 Cal.2d 845, 847 [13 Cal.Rptr. 194, 361 P.2d 914]; and see *Kaufman & Broad Bldg. Co.* v. *City & Suburban Mortg. Co.* (1970) 10 Cal.App.3d 206, 215 [88 Cal.Rptr. 858].) When read in context it is clear that our use of the term "cause of action" in *Brown,* noted by plaintiff, refers to the "counts" asserted by the plaintiff in her complaint.

■ Assuming that res judicata is available to defendants in the instant matter, plaintiff argues that the trial court, nonetheless, should have exercised its discretionary power to reject the doctrine as a defense. There is some authority for the proposition that, in particular circumstances, courts may refuse to apply res judicata when to do so would constitute a manifest injustice. (See *Greenfield* v. *Mather* (1948) 32 Cal.2d 23, 35 [194 P.2d 1]; *Jackson* v. *Jackson* (1967) 253 Cal.App.2d 1026, 1040 [62 Cal.Rptr. 121]; *McGaffey* v. *Sudowitz* (1961) 189 Cal.App.2d 215, 216-218 [10 Cal.Rptr. 862].) We consider the *Greenfield* doctrine of doubtful validity and it has been severely criticized. (See 4 Witkin, *supra,* Judgment, § 150, p. 3295, et seq.) While we find it is unnecessary for our present purposes to reach the question of whether *Greenfield* itself should be directly overruled, we expressly hold that the rule of that case is inapplicable where, as here, the only possible basis for its implementation is founded on a change in law following the original judgment.

Previous appellate decisions of this state are in accord. For example, in *Zeppi* v. *State of California* (1962) 203 Cal.App.2d 386 [21 Cal.Rptr. 534], plaintiffs sued the state for personal injuries. A demurrer on the ground of governmental immunity was sustained and judgment entered for defendant. The judgment was affirmed on appeal and we denied a petition for hearing. Subsequently, in *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], we held that governmental entities were no longer immune from liability for the torts of their agents. Plaintiffs in the original *Zeppi* action thereupon made a motion in the trial court to vacate the judgment on the grounds that the previous rulings sustaining the demurrer were the result of mistakes. The trial court granted this motion. In reversing, the appellate court agreed with defendant's contention that res judicata was applicable stating: "In every instance where a rule established by case law is changed by a later

case the earlier rule may be said to be 'mistaken' . . . . Such 'mistakes' or 'injustices' are not a ground for equity's intervention. So to hold would be to emasculate, if not wipe out, the doctrine of res judicata because *the doctrine is most frequently applied to block relitigation based upon contentions that a law has been changed. Our courts have repeatedly refused to treat the self-evident hardship occasioned by a change in the law as a reason to revive dead actions . . . ." (Zeppi, supra,* at pp. 388-389, italics added.) The court held that under the circumstances, where the only "mistake" made in the earlier proceedings was in assuming that the law would remain unchanged, there is no discretion to reject the defense of res judicata. (*Id.,* at p. 389.)

In *Bank of America* v. *Department of Mental Hygiene* (1966) 246 Cal.App.2d 578 at page 585 [54 Cal.Rptr. 899], it was said "[t]he rule appears clear in California that a judgment which was contrary to the Constitution because it was based upon a statute later held invalid, is nevertheless res judicata in a subsequent suit."

We agree with the positions taken by the Courts of Appeal in *Zeppi* and *Bank of America.* It cannot be denied that judicial or legislative action which results in the overturning of established legal principles often leads to seemingly arbitrary and unwarranted distinctions in the treatment accorded similarly situated parties. However, "[p]ublic policy and the interest of litigants alike require that there be an end to litigation." (*Panos* v. *Great Western Packing Co., supra,* 21 Cal.2d 636 at p. 637.) The result urged by plaintiff, to borrow the language of Justice Traynor's dissent in *Greenfield,* would call ". . . into question the finality of any judgment and thus is bound to cause infinitely more injustice in the long run than it can conceivably avert in this case." (*Greenfield* v. *Mather, supra,* 32 Cal.2d at p. 36.) The consistent application of the traditional principle that final judgments, even erroneous ones (*Busick* v. *Workmen's Comp. Appeals Bd., supra,* 7 Cal.3d 967 at p. 975; Rest., Judgments, § 47, com. b), are a bar to further proceedings based on the same cause of action is necessary to the well-ordered functioning of the judicial process. It should not be impaired for the benefit of particular plaintiffs, regardless of the sympathy their plight might arouse in an individual case.

Finally, we reject plaintiff's argument that defendants, because they moved for a nonsuit in the first action, are now estopped from asserting that judgment as a bar to the instant action. It is true that a very few cases have held that the defendant in a second action is precluded

from asserting res judicata as a defense because of his conduct in prior proceedings. (See *Lunsford* v. *Kosanke* (1956) 140 Cal.App.2d 623, 628-631 [295 P.2d 432] and the decisions discussed therein; 4 Witkin, *supra,* Judgment, § 151, p. 3298.) In these cases, the courts have properly noted that defendants cannot inconsistently argue that a claim is not cognizable in the first action and then, in a subsequent proceeding, contend that the same issue should have been raised in the prior litigation. Such a rule is appropriate where "the course pursued by the trial court and by counsel in an earlier action was tantamount to an express determination on the part of the court with the consent of opposing counsel that certain issues should be reserved for future adjudication, and that the doctrine of res judicata did not apply." (*Hall* v. *Coyle* (1952) 38 Cal.2d 543, 546 [241 P.2d 236].)

The foregoing principle, however, is not applicable to the case before us. Defendants have not attempted to assert inconsistent positions in successive litigations. There has been no conduct on their part which can be characterized as constituting a consent, express or implied, that the issue of their negligence was to be reserved for determination in a second lawsuit. Rather, they have consistently argued that under the substantive law in effect at the time the original complaint was filed, plaintiff had no legal theory upon which recovery for her injuries could be predicated, and that a subsequent change in the law cannot be a basis for reviving a dead claim.

The theories urged by plaintiff would cast doubt on the finality of any judgment dependent upon a then valid substantive defense later held to be unavailable. The general uncertainty induced in our judicial system by such a result cannot be justified by occasional apparent inequities.

We therefore conclude that the order of the trial court sustaining defendants' demurrer on the grounds of res judicata must be sustained. The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.

Appellant's petition for a rehearing was denied January 21, 1976.