95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kip Douglas HUSTY, Plaintiff-Appellant,
v.
RAVENSWOOD CITY ELEMENTARY SCHOOL DISTRICT; R.B. Jones;
James Davis; Clarence Burley; Charles Mae Knight; Steven
Waterman; Lois Frontino; Chet James and Marthelia
Hargrove, Defendants-Appellees.
 No. 95-16976.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Kip Husty appeals the district court's grant of summary judgment in favor of the Ravenswood School District, et al. The district court held that Husty's action under 42 U.S.C. § 1983 was barred by res judicata.
 
 
 3
 We AFFIRM.
 
 
 4
 Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was entered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 78 (1984). Under California law, "[a] valid judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." Slater v. Blackwood, 15 Cal.3d 791, 795 (1976). To determine the scope of causes of action, California law uses the "primary right theory." Under this analysis, "the violation of one primary right gives rise to a single cause of action." Id. In determining the primary right at stake, "the significant factor is the harm suffered." Argarwal v. Johnson, 25 Cal.3d 932, 955 (1979).
 
 
 5
 All of Husty's § 1983 claims arise out of the alleged violation of his contractual right to employment. "[He] has failed to allege [ ] a new injury.... [He] has merely presented a new legal theory upon which [he] seeks recovery." Takahashi v. Bd. of Trustees of Livingston, 783 F.2d 848, 851 (9th Cir.1986).
 
 
 6
 Husty argues that because the hearing before the Commission denied him procedural due process, he should not be barred by res judicata. However, "[t]he procedural adequacy of [Husty's] hearing before the Commission is irrelevant. The judgment that bars [Husty's] present action ... is the judgment of the superior court[.]" Id. at 852. The state trial court was fully competent to decide the merits of any claims raised before it. Husty was afforded an opportunity to make a full presentation of his claims.
 
 
 7
 The judgment of the district court dismissing Husty's action on the ground of res judicata is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3