Nos. 00–15601, 00–16053.

D.C. No. CV–93–20617–JW/EAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 2002.

Decided Feb. 7, 2002.

Cheriel JENSEN, Plaintiff—Appellant,

v.

SANTA CLARA COUNTY; Diane McKenna; Zoe Lofgren; Ron Gonzales; Rod Diridon; Michael M. Honda; Sally Reid; Paul Sagers; Peter Claus; George Tokushige; Doward Washington; Applied Pest Management Inc.; Gregory Clark; Leode Franklin; Greg Wasenhove; Imelda Elonzo; Thomas Finn; Instar Pest Consultant, Inc.;—Santa Clara County Board of Supervisors, Defendants—Appellees.

Before GOODWIN, SNEED and TROTT, Circuit Judges.

## MEMORANDUM *

Cheriel Jensen ("Jensen") appeals *pro se* the judgment entered on a jury verdict rejecting part of her claims and a summary judgment against her on the balance of her action. Jensen sought damages for injuries allegedly due to pesticide exposure in the workplace while she was employed by Santa Clara County ("the County").

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to explain our decision.

## I. Summary judgment

Jensen argues that upon our remand in her earlier appeal, the district court had no power to summarily dismiss her counts based on negligence *per se* and conducting ultra-hazardous activity. She misunderstood the remand. *See Jensen v. Santa Clara*, Nos. 94–16063, 94–16824, 1995 WL 635114 (9th Cir. Oct.26, 1995) (unpublished).

Our remand order merely held that certain of her claims were not barred by California's one-year statute of limitations for personal injury actions. *See Jensen*, 1995 WL 635114, at *4. We also reversed the dismissal of Jensen's complaint against Applied Pest Management, Inc. ("APM") because her failure to properly amend the complaint did not warrant dismissal. *See id.* at *6. The order did not preclude the district court from granting summary judgment after considering the claims on their merits.

### A. Negligence *per se*

■ Jensen asserts that the district court improperly dismissed her negligence *per se* claim. The court found that Jensen failed to satisfy the first-prong of the negligence *per se* inquiry—that Instar Pest Consultants, Inc. ("Instar") and APM violated provisions of the Structural Pest Control Act (Cal. Bus. & Prof.Code § 8538)—because we previously held that federal and state pest control regulations do not give Jensen standing to sue. *See Jensen*, 1995 WL 635114, at *4.

Even though pest control regulations do not establish a private cause of action,

Jensen can allege violations of regulations to establish a presumption of negligence in an action properly commenced against parties that may be liable. *See Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co.*, 62 Cal.App.4th 1166, 1178, 73 Cal.Rptr.2d 182 (1998); *Sierra–Bay Fed. Land Bank Ass'n v. Superior Court*, 227 Cal.App.3d 318, 333, 277 Cal. Rptr. 753 (1991). Jensen is not suing Instar or APM for violations of the Structural Pest Control Act; rather, she is suing these parties under a theory of negligence *per se* and relying on the statute to establish the first element of the claim—that defendants violated a statute or a regulation. The district court incorrectly held that because Jensen had no standing to sue under the pest control statute, she could not assert negligence per se. Even though Jensen clearly could resort to the statute to establish a presumption of negligence, her claim ultimately failed to survive summary judgment because she failed to prove that the named defendants had violated § 8538. The statute requires Instar and APM to provide notice to the County of Santa Clara—the tenant of the fumigated premises, *see* Cal. Bus. & Prof. Code § 8538(a), but the statute does not require Instar and APM to notify Jensen or other employees of the County. As an employer, the County had a duty to notify its workers and otherwise provide safe working conditions for them. The County, however, was dismissed as a defendant at an earlier stage of this litigation, badly managed by a plaintiff without a lawyer.

Because the remaining defendants had no statutory duty to provide notice to Jensen, summary judgment against her negligence *per se* claim was free from error.

### B. Ultra-hazardous activity

■ Jensen challenges the district court's conclusion that pesticide application

is not an ultra-hazardous activity as a matter of law. An activity is ultra-hazardous and the party engaging in such an activity is strictly liable if he is unable to eliminate the risk of harm even exercising the utmost care. *See Luthringer v. Moore,* 31 Cal.2d 489, 496, 190 P.2d 1 (1948). Jensen has offered no evidence that chemicals used by either Instar or APM contained a risk of harm that cannot be eliminated by using reasonable care. On the contrary, the record suggests that "common sense" measures are available to reduce the risk of poisoning from Dursban, an insecticide used by the defendants, and that serious poisonings occur only as a result of misuse or inappropriate uses by the insecticide applicator. The district court properly concluded that the plaintiff failed to prove that Instar and APM engaged in an ultra-hazardous activity.

## II. Jury instructions

Jensen asserts that state statutes and regulations set forth the appropriate standard of care for pesticide use and that the district court erred by not advising the jury of the applicable statutes.

■ A district court must formulate jury instructions so that they fairly and adequately cover issues presented, correctly state the law, and are not misleading. *See Phillips v. United States Internal Revenue Serv.,* 73 F.3d 939, 941 (9th Cir.1996). We have reviewed the instructions given, and they properly cover those statutory requirements that are relevant to her claims. There was no error.

## III. Evidentiary rulings

Jensen challenges a number of evidentiary rulings, but the record sustains none of her assignments of error.

## IV. Petition for recusal

■ Jensen contends that the trial judge has a pro-pesticide bias and seeks his recusal. Her complaint on this score has no support in the record. Recusal is appropriate if a reasonable person with knowledge of all the facts would question a judge's impartiality. *See In re Yagman,* 796 F.2d 1165, 1179 (9th Cir.1986). But a party challenging a judge for bias needs to show facts, not merely her opinion, to demonstrate the judge's actual or apparent bias to justify recusal. *See Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1991).

## V. Motion for new trial

Jensen argues that she is entitled to a new trial because the district court's erroneous evidentiary rulings significantly limited her ability to present the case to the jury. She also argues that there is not sufficient evidence to sustain the verdict.

■ A jury verdict should ordinarily be set aside only when it is against the "great weight" of the evidence or it is clear that the jury has reached a "seriously erroneous result." *EEOC v. Pape Lift, Inc.,* 115 F.3d 676, 680 (9th Cir.1997) (quoting *Venegas v. Wagner,* 831 F.2d 1514, 1519 (9th Cir.1987)). When a new trial is sought on the basis of erroneous evidentiary rulings, a new trial is warranted only if those erroneous rulings substantially prejudiced the moving party. *See Ruvalcaba v. City of Los Angeles,* 64 F.3d 1323, 1328 (9th Cir.1995).

The jury verdict in favor of Instar and APM is consistent with evidence presented at trial. Additionally, the court's evidentiary rulings were not clearly erroneous and did not substantially prejudice Jensen as to warrant a new trial.

## VI. Granting APM's request for costs

Jensen contends that the district court erred by granting APM's request for costs because APM submitted a revised cost bill after the filing deadline. Jensen's argument is misplaced, however. APM's revised bill was a re-submission using court approved forms rather than a new filing, and APM complied with the requirements of Local Rule 54–1(a) by filing its first bill of taxable costs within 14 days of entering judgment. *See* N.D. Cal. Civ. Loc. R. 54–1(a).

 Jensen also contends that APM violated Civil Local Rule 54–2(b) by failing to meet and confer with her before filing the cost bill. However, the requirement applies only to the party who objects to items claimed in a cost bill. *See* N.D. Cal. Civ. Loc. R. 54–2(b). Accordingly, it is Jensen rather than APM who must meet and confer before objecting to APM's cost bill.

Finally, Jensen contends that the district court improperly dismissed her motion to review costs. Because her request was not timely filed, *see* N.D. Cal. Civ. Loc. R. 54–4, Jensen waived her right to challenge items listed on the bill.

## VII. Request to restore Santa Clara County as a defendant

 Jensen urges this Court to restore all claims against the County of Santa Clara and "such county defendants as . . . appropriate following . . . *Moorpark v. Superior Court*, 18 Cal.4th 1143, 77 Cal. Rptr.2d 445, 959 P.2d 752 (1998)." However, this Court seven years ago entered final judgment affirming dismissal of all claims against the county defendants. A change in the law does not authorize courts to reopen closed civil judgments to apply the new law retroactively. *See Tomlin v. McDaniel*, 865 F.2d 209, 211 (9th Cir.1989); *Slater v. Blackwood*, 15 Cal.3d 791, 797, 126 Cal.Rptr. 225, 543 P.2d 593 (1975).

**AFFIRMED.**