*NOT FOR PUBLICATION*

Dawn KOUGASIAN; William James Kougasian, Plaintiffs— Appellants,

v.

TMSL, INC., a corporation; Howard More; K&K Insurance Group, Inc., Defendants—Appellees.

No. 04–56987.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Nov. 29, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

John W. Powell, Esq., Irvine, CA, for Plaintiffs–Appellants.

Phillip D. Weiss, Esq., Agajanian, McFall & Weiss, Los Angeles, CA, James G. Boedecker, Esq., Mill Valley, CA, for Defendants–Appellees.

* The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Before: T.G. NELSON and BYBEE, Circuit Judges, and DUFFY *, Senior District Judge.

### MEMORANDUM **

This case arises out of a skiing accident that occurred on December 21, 1997. While the facts and procedure are known to the parties and will not be repeated extensively here, a brief summation of the procedural posture is warranted. The case before us is Appellants' fourth lawsuit arising from the accident. The first suit ("Kougasian I") for wrongful death, negligent and intentional infliction of emotional distress and spoliation of evidence was dismissed by the California Superior Court on a summary judgment motion in 1999. The California Court of Appeal unanimously affirmed and the California Supreme Court declined to review the case. While the first lawsuit was pending, Appellants filed a second lawsuit ("Kougasian II") for survivorship, wrongful death, intentional and negligent infliction of emotional distress and spoliation of evidence again in the California Superior Court. The court granted defendant's demurrer and dismissed the complaint. The Court of Appeal unanimously affirmed in April 2003.

Appellants, however, did not stop there. They filed a third suit ("Kougasian III") in U.S. District Court against the United States under the Federal Tort Claims Act. The suit was voluntarily dismissed in February 2002. Appellants filed the current case ("Kougasian IV") in U.S. District Court in July 2002 repeating the same claims they brought in Kougasian I and II and also urging the court to set aside the state court judgment because of extrinsic fraud. The district court dismissed the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

case based on the *Rooker–Feldman* doctrine. We reversed, but suggested that Appellants' claims were precluded. On remand, the district court dismissed plaintiff's claim on a Rule 12(b)(6) motion finding the suit barred by res judicata. Appellants again appealed to this court. We agree with the district court that the claim is barred by res judicata and now affirm.

■ Under California law, res judicata bars re-litigation of a claim when the prior action 1) raised the same claim, 2) resulted in a final judgment on the merits, and 3) the party against whom the claim is asserted was a party to or was in privity with a party to the prior action. *See Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978). The district court correctly concluded that Appellants brought the same claim in Kougasian IV as they had in Kougasian II, that Kougasian II was a final judgment on the merits, and that the parties in Kougasian II and IV were the same parties or were in privity. Thus, Appellants' claim is barred by res judicata.

■ Appellants' attempt to avoid the preclusion bar by alleging extrinsic fraud is without merit. A comparison of the amended complaints in Kougasian II and Kougasian IV reveal that Appellants knew or should have known about the alleged fraud and should have properly raised that claim in Kougasian II. Under the well settled California doctrine of "primary rights theory," a plaintiff may only litigate an injury once and must bring all legal claims arising out of that injury in the same suit. Res judicata will bar subsequent claims arising from the same factual situation even if they are brought under a different legal theory. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 123 Cal. Rptr.2d 432, 51 P.3d 297 (2002). In other words, "one injury gives rise to only one claim for relief." *Slater v. Blackwood*, 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 543

P.2d 593 (1975). Because Appellants could have brought their extrinsic fraud claim in Kougasian II, the primary rights theory prevents them from having "another bite at the apple" and re-litigating an issue that could have properly been decided in a prior legal proceeding. Finally, we find that the district court did not abuse its discretion in failing to grant Appellants' motion to amend.

This litigation has been pending for nearly ten years. Two Superior Court judges, two U.S. District Court judges, two panels of the California Court of Appeal, and now two panels of this court have heard the case and carefully considered and weighed the issues. Appellants has been afforded ample due process to present their claims. At some point, in the interests of judicial economy and providing badly needed closure for the parties, the seemingly endless attempts to re-litigate an issue need to end. Accordingly, we affirm the district court, trusting that this case has finally reached its conclusion.

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*