**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICK EATON,

             Plaintiff - Appellant,

  v.

MARK J SIEMENS; CARLOS A.
URRUTIA; CITY OF ROCKLIN,

             Defendants - Appellees.

No. 12-16366

D.C. No. 2:07-cv-00315-MCE-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted April 11, 2014
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Robert W. Pratt, Senior United States District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

Plaintiff-Appellant Rick Eaton appeals the district court's dismissal of his complaint on claim preclusion grounds. Pursuant to a memorandum of understanding between the City of Rocklin and the Rocklin Police Officers' Association, Eaton arbitrated his termination from the Rocklin Police Department. The arbitrator found good cause for Eaton's termination, and the city manager accepted the decision without modification. Eaton did not pursue any review in state court and instead filed an action in district court, alleging that he was terminated in violation of his constitutional rights as well as several state statutes. We affirm the district court's dismissal of the complaint as barred by res judicata.

The Supreme Court held in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966), that administrative proceedings may be given preclusive effect if they have sufficient judicial character. The Supreme Court in *University of Tennessee v. Elliott*, 478 U.S. 788, 796–99 (1986), then held that courts may give preclusive effect to unreviewed state administrative proceedings. This court has held in *White v. City of Pasadena*, 671 F.3d 918, 928–29 (9th Cir. 2012), that an arbitration proceeding like the one in this case has sufficient judicial character.

California's claim preclusion doctrine provides that "[a] valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation

on the same cause of action." *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975). To determine what constitutes the same cause of action, California applies the primary rights theory, "under which the invasion of one primary right gives rise to a single cause of action." *Id.* The primary right at stake in both the arbitration proceeding and the district court action was Eaton's right to continued employment with the Rocklin Police Department. *See Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1034 (9th Cir. 1994); *Takahashi v. Bd. of Trs.*, 783 F.2d 848, 851 (9th Cir. 1986). Applying California's claim preclusion principles, the arbitration proceeding precludes Eaton's district court action.

**AFFIRMED**.