Filed 1/13/16

**TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| LOUISE CHEN, | ) | No. BV 031047 |
| | ) | |
| Plaintiff and Respondent, | ) | Santa Monica Trial Court |
| | ) | |
| v. | ) | No. 14R01792 |
| | ) | |
| JOELLE KRAFT, | ) | |
| | ) | |
| Defendant and Appellant. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Jay Ford,

Judge.  Affirmed.

Lisa M. Howard for Plaintiff and Respondent.

Defendant and Appellant Joelle Kraft in propria persona.

*          *          *

1

Defendant and appellant Joelle Kraft appeals the judgment entered in an unlawful detainer action after the court granted plaintiff and respondent Louise Chen's motion for summary judgment. Defendant contends there were triable issues of fact concerning whether the rental of the spare room at the premises via Airbnb constituted an illegal use of the property under Los Angeles Municipal Code (LAMC) section 151.09(A)(4). As explained below, we affirm the judgment.

BACKGROUND

Defendant occupied the rent-controlled premises located at 2476½ Glencoe Avenue in Venice, California (the premises) pursuant to a July 19, 1997 written agreement she entered into with plaintiff's predecessor in interest.[1] The written agreement described the premises as a one bedroom with a loft to be occupied by defendant and her two young boys who visited her on the weekends. The agreement required plaintiff to give defendant written notice and 10 days to cure any default of the terms of the agreement.[2]

*Pleadings*

On February 14, 2014, plaintiff filed a complaint in unlawful detainer alleging defendant failed to comply with the following three notices: (1) the 10-day notice to pay rent or quit which was served on January 15, 2014; (2) the 10-day notice to perform covenants or quit served on January 22, 2014, to "[s]top using the attic for any purpose" or quit the premises; and (3) the 10-day notice to perform covenants or quit served on January 22, 2014, to "[s]top illegally subletting the unit by allowing subtenants and or short term renters to reside on the premises" or quit the premises. The complaint sought possession of the premises, past-due rent, holdover damages and forfeiture of the agreement.

---

[1]The premises were subject to the Los Angeles Rent Stabilization Ordinance (LARSO). (See LAMC § 151.00 et seq.)

[2]Paragraph 15 of the rental agreement provided as follows: "If Tenant defaults in the payment of rent or any other term or condition of this Lease, Landlord may give Tenant written notice to cure such default. If Tenant fails to cure such default within 10 days of receiving notice, Landlord may elect to terminate the Lease, re-enter the Leased Premises and remove the Tenant, all other occupants and their possessions."

2

Defendant filed an answer denying the allegations of the complaint and asserting various affirmative defenses. As pertinent to this appeal, the affirmative defenses included the following: the "attic" plaintiff referred to was actually a "loft" which was part of the rental agreement with plaintiff's predecessor in interest; the LAMC permitted the "sharing of the premises"; plaintiff's predecessor in interest expressly permitted her to use the premises as an Airbnb location; and plaintiff breached the warranty of habitability.

*Motion for Summary Judgment or, in the Alternative, Summary Adjudication*

Plaintiff filed a motion for summary judgment (MSJ) on the following grounds: (1) defendant was operating an illegal bed and breakfast or transient occupancy, and (2) defendant was illegally using the attic of the premises for living purposes for herself and her paying customers.

In the alternative, plaintiff moved for summary adjudication (SA) on the following issues with regard to the illegal bed and breakfast: (1) since January 1, 2014, defendant had been using the premises as a bed and breakfast for transient occupancy; (2) said use was illegal because the premises were located in an R-1 zone and was a ground for eviction under LAMC section 151.09(A)(4); (3) plaintiff served defendant with a 10-day notice to stop the illegal use; (4) the period stated in the notice expired; (5) defendant continued the illegal use of the premises; and (6) plaintiff was entitled to possession.

Plaintiff also moved for SA on the following issues concerning defendant's use of the attic: (1) defendant had been using the attic for living purposes since January 1, 2014; (2) said use was illegal under LAMC section 91.8105 and was a ground for eviction under LAMC section 151.09(A)(4); (3) plaintiff served defendant with a 10-day notice to cease the illegal use; (4) the time period in the notice expired; (5) defendant continued the illegal use of the premises; and (6) plaintiff was entitled to possession of the premises.

*Plaintiff's Separate Statement and Exhibits*

Plaintiff's motion was supported by a separate statement of 18 undisputed facts and the following exhibits: a grant deed establishing plaintiff as owner of the premises; the rental agreement between defendant and plaintiff's predecessor in interest, wherein paragraph 14

3

required defendant to comply with all laws, regulations and ordinances; copies of the LAMC, a Zoning Map and Parcel Report indicating the premises fell within an R-1 zone; a property profile report; a March 19, 2014 Memorandum from Alan Bell,[3] Deputy Director of Planning for the City of Los Angeles to Council Offices stating, inter alia, that short-term rentals were prohibited in R-1 zones; the three separate 10-day notices; a notice and order to comply from the City of Los Angeles indicating, inter alia, the unapproved alteration and use of the attic; pages from defendant's website indicating the availability of the apartment and the loft for short-term rentals; a verified unlimited civil action which defendant filed against plaintiff for damages, including, inter alia, plaintiff's interference with defendant's Airbnb business of providing temporary lodging; a City of Los Angeles Permit to collect the Transient Occupancy Tax; and portions of defendant's deposition testimony wherein she admitted to operating an Airbnb, using the attic for living quarters, receiving the 10-day notices, and failing to comply therewith.

Plaintiff also filed the following declarations in support of her motion: plaintiff's own declaration authenticating some of the exhibits; the declaration of Brad Weeks regarding service of the 10-day notices; the declaration of Durell Hensley, a licensed contractor, stating that the attic did not meet the Building Code standards to be used for sleeping; and the declaration of Davis Woodward, a person who rented the premises via Airbnb.

*Defendant's Opposition to the MSJ/SA*

Defendant filed an opposition, supported by her own declaration, in response to plaintiff's motion. Defendant contended the court should deny the motion for the following reasons:

(1) Plaintiff failed to comply with California Rules of Court, rule 3.1350(b), which provides as follows: "If summary adjudication is sought, whether separately or as an alternative to the motion for summary judgment, the specific cause of action, affirmative defense, claims for damages, or issues of duty must be stated specifically in the notice of motion and be repeated, verbatim, in the separate statement of undisputed material facts."

---

[3]Hereafter referred to as the Bell Memorandum.

(2)  The MSJ sought to prove a "different case" than what was alleged in the complaint. Specifically, defendant argued the complaint alleged three causes of action based on the failure to pay rent, the failure to stop using the attic and the failure to stop operating an Airbnb. According to defendant, there was "no notice to quit for nuisance or waste."

(3)  The lease was modified via an "Addendum" by the prior owner on November 5, 2009, to permit defendant to operate an Airbnb.  Defendant attached the document to her opposition as exhibit 1.

(4)  Defendant's use of the premises for an Airbnb is not illegal.  Under this heading, defendant asserted four separate arguments: (a) she cited LAMC section 151.09(A)(2) concerning the right of a tenant to allow minor dependent children to reside in the premises; (b) she argued she had not been cited for an illegal use; (c) she had a permit to collect the Transient Occupancy Tax; and (d) the Bell Memorandum, which was submitted by plaintiff in support of the MSJ/SA, constituted hearsay.

(5)  Plaintiff could not evict defendant for using the premises leased to her since the rental agreement with plaintiff's predecessor in interest specifically included the "loft" as part of the premises.

_Defendant's Declaration_

_Objections_

In her declaration attached to her opposition, defendant objected to the Bell Memorandum on the following grounds: hearsay, lack of personal knowledge, and relevance. Defendant also objected to plaintiff's use of her deposition transcript on the grounds it constituted hearsay, had not been reviewed by her for accuracy, and was not signed.

_Contents_

Defendant identified exhibit 1 as the lease modification or "Addendum" she entered into with the previous owner which allowed her to operate an Airbnb.[4]  In her declaration, defendant

---

[4]The Addendum provided, in relevant part as follows: "This Agreement is in addition to the existing Lease Agreement between LANDLORD and TENANT.  This agreement is strictly a written permission allowing Tenant the ability to host Guest(s) through the website airbnb.com at the Tenant's

5

also identified the Transient Occupancy Tax Permit as the only license or permit she needed to operate the Airbnb. Defendant declared the premises were rented as a one bedroom with a loft, she did not modify the premises, and she did not supply the ladder for access to the loft.

*Triable issues of fact*

In her declaration, defendant also identified the following facts as the triable issues concerning the Airbnb: (1) the nature of the occupancy by the Airbnb persons; (2) the approval of such use; (3) the circumstances under which the premises might be restricted from such use; and (4) the waiver and estoppel caused by the express approval given by plaintiff's predecessor in interest with respect to the use of the premises as an Airbnb. Defendant also identified the triable issues concerning the loft/attic as follows: (1) whether the use was illegal; and (2) her lack of knowledge concerning the illegality when she moved in.

<u>Plaintiff's Reply to Defendant's Opposition</u>

Plaintiff's reply was not supported by a declaration. Nevertheless, plaintiff raised the following points in response to defendant's opposition: (1) defendant's failure to file a separate statement of disputed facts meant there were no disputed facts;[5] (2) the previous owner was deceased; (3) the MSJ/SA was procedurally sound and defendant failed to explain how the motion violated the rule and statute she cited; (4) the MSJ/SA does not seek to prove a different cause of action; (5) the parties to a lease cannot modify it so as to allow an illegal use; (6) the Transient Occupancy Tax permit is not a license or permit to operate an Airbnb; (7) plaintiff is not required to pay relocation benefits; and (8) an MSJ/SA is statutorily required to be supported by declarations, depositions and other identified evidence.

<u>Plaintiff's Objections to Defendant's Evidence and Declaration</u>

Concurrently with her reply, plaintiff filed evidentiary objections to defendant's declaration and exhibits. Plaintiff objected to defendant's declaration in its entirety on the

---

discretion without violating any Rental Lease Restrictions that may exist in the effective Lease Agreement between Landlord and Tenant. . . ."

[5]We note here that, contrary to plaintiff's assertions, a defendant in an unlawful detainer action is not required to file a separate statement of disputed facts in support of its opposition to an MSJ. (Code Civ. Proc., § 437c, subd. (r).)

ground it was not signed, and the court overruled this objection. Plaintiff also lodged objections to specific language in defendant's declaration, and the court ruled as follows: (1) with respect to the lease addendum, plaintiff objected on the grounds of relevancy and lack of foundation, and the court overruled this objection; (2) plaintiff objected to defendant's statement that plaintiff knew about the addendum and the court sustained the objection; (3) plaintiff objected to defendant's statement that the Transient Occupancy Tax Permit was the only requirement to operate an Airbnb and the court sustained the objection; (4) plaintiff objected to defendant's statement that the premises are not R-1 zoned and can be used for tenancies longer than 30 days, and the court sustained the objection; (5) plaintiff objected to defendant's statement that there are triable issues of fact concerning the Airbnb and the court sustained the objection; (6) plaintiff objected to defendant's statement that the lack of a citation by code enforcement indicated defendant did not violate the law and the court sustained the objection; (7) plaintiff objected to the statements that defendant did not build the loft and that she made no structural changes to the premises and the court overruled the objection; (8) plaintiff objected to the statements that she was cited by the city, that as owner, plaintiff was obligated to obtain a permit or demolish the attic, that defendant was not cited, that defendant did not build the attic or the stairway, that plaintiff did not offer relocation assistance, and that plaintiff was trying to cheat defendant out of relocation assistance, and the court overruled the objection to all of these statements; and (9) plaintiff objected to the statement that defendant's use of the premises is not illegal because she has legal and contractual permission to occupy the loft, while it is the structure that is illegal, and the court sustained the objection.

*Court's Ruling on the MSJ/SA*

On June 27, 2014, the court granted plaintiff's MSJ and ordered plaintiff to submit a proposed order with a statement of reasons and a proposed judgment by July 2, 2014. On July 3, 2014, the court signed the order granting summary judgment. In pertinent part, the order provided plaintiff "has shown that there is no triable issue of any material fact" and plaintiff's use of the premises as a vacation rental violated the applicable zoning ordinances. The order

7

also indicated plaintiff waived her right to back rent and damages so that "a judgment for possession may issue forthwith." This timely appeal followed.

## DISCUSSION

Defendant contends the trial court erred because there were triable issues of fact concerning whether her use of the premises was illegal.

*Standard of Review*

We review the trial court's grant of a summary judgment de novo. (*Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 474.) Summary judgment is properly granted when no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., §§ 437c, subd. (c), 1170.7.) Because a summary judgment denies the adverse party a trial, it should be granted with caution. (*Michael J. v. Los Angeles County Dept. of Adoptions* (1988) 201 Cal.App.3d 859, 865.) Declarations of the moving party are strictly construed, those of the opposing party are liberally construed, and doubts as to whether summary judgment should be granted must be resolved in favor of the opposing party. (*Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 838.)

"In moving for summary judgment, a 'plaintiff . . . has met' his 'burden of showing that there is no defense to a cause of action if he 'has proved each element of the cause of action entitling' him 'to judgment on that cause of action. Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The defendant . . . may not rely upon the mere allegations or denials' of his 'pleadings to show that a triable issue of material fact exists but, instead,' must set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto. (Code Civ. Proc., § 437c, subd. (o)(1).)" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) "[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Id.* at p. 850, fn. omitted.)

*Analysis*

8

As explained below, plaintiff established each of the elements of unlawful detainer based on her theory of illegal purpose, and defendant failed to raise a triable issue as to any element or affirmative defense with regard to this theory. Code of Civil Procedure section 1161 sets forth numerous grounds giving rise to a landlord's right to evict in unlawful detainer, including that based upon illegal purpose which is found at subdivision 4.[6] In addition, LARSO provides that a landlord may bring an action to recover possession of the premises if the tenant is "using, or permitting" the premises "to be used for any illegal purpose." (LAMC § 151.09(A)(4).)

In order to prevail on such a theory, a plaintiff must establish the following: (1) that defendant used the premises for an unlawful purpose; (2) that the proper notice was served in accordance with section 1162;[7] and (3) that defendant continued to use the premises for an unlawful purpose after expiration of the period stated in the notice. (§ 1161, subd. 4.) At issue here is whether there was a triable issue of material fact with respect to element No. 1, the unlawful purpose. The remaining elements — service of the notice(s) and defendant's continued possession — were not contested by defendant.

Plaintiff met her initial burden of proof with respect to existence of an unlawful purpose when she provided evidence establishing the following facts: that the premises were located within an "R1" zone within the City of Los Angeles; that defendant was operating a bed and

---

[6]Section 1161, subdivision 4, provides in relevant part as follows: "Any tenant . . . maintaining, committing, or permitting the maintenance or commission of a nuisance upon the demised premises or *using the premises for an unlawful purpose*, thereby terminates the lease, and the landlord, or his or her successor in estate, shall upon service of three days' notice to quit upon the person or persons in possession, be entitled to restitution of possession of the demised premises under this chapter. . . ." (Italics added.)

[7]Unspecified statutory references are to the Code of Civil Procedure.

breakfast facility[8] and/or a transient occupancy residential structure,[9] and that defendant's use of the premises in this manner was illegal and in violation of LAMC sections 12.08[10] and 12.21.[11] With respect to the location of the premises within an R-1 zone, plaintiff's evidence consisted, inter alia, of her own declaration, a copy of a parcel report from the City of Los Angeles Zone Information and Map Access System, and a copy of the Parcel Profile Report from the City of Los Angeles Department of Building and Safety which indicated on page 2 that the premises were within an "R1-1" zone. With respect to the operation of a bed and breakfast or transient occupancy in the premises, plaintiff submitted evidence, inter alia, in the form of testimony from defendant's deposition wherein she stated as follows: "[Question:] And so would it be correct to say – accurate to say that from the time – at least from the time of January 22nd, 2014 through today [May 7, 2014], you were running Airbnb business from your apartment? [¶] [Defendant:] I would say I'm listing – I have listings on Airbnb that – yes, running today. [¶] [Question:] So the answer is you're running – it's an Airbnb business, isn't it? [¶] [Defendant:] Yes. [¶] [Question:] And you continue to do it through today. [¶] [Defendant:] Yes." In addition to the above, plaintiff also submitted a City of Los Angeles Tax Registration Certificate issued January 6, 2014, indicating payment of a Transient Occupancy Tax with respect to the premises. Accordingly, plaintiff met her initial burden on the motion. The burden therefore shifted to

---

[8]LAMC section 12.02 defines a "bed and breakfast facility" as follows: "A building or portion thereof which is used as a temporary lodging place for fewer than thirty consecutive days and which does not contain more than five guest rooms and one kitchen."

[9]LAMC section 12.03 defines "transient occupancy residential structure" as follows: "A residential building designed or used for one or more dwelling units or a combination of three or more dwelling units and not more than five guest rooms or suites of rooms wherein occupancy, by any person by reason of concession, permit, right of access, license, or other agreement is for a period of 30 consecutive calendar days or less . . . ."

[10]LAMC section 12.08 sets forth the uses and restrictions for "R1" One-Family Zones.

[11]LAMC section 12.21(A)(1)(a) provides in relevant part that no "building, structure, or land [shall] be used or designed to be used for any use other than is permitted in the zone in which such building, structure, or land is located and then only after applying for and securing all permits and licenses required by all laws and ordinances."

10

defendant to establish that a triable issue of fact existed as to the cause of action or a defense thereto.

In her opposition, defendant presented evidence in the form of the 2009 Addendum wherein plaintiff's predecessor in interest expressly agreed, in writing, to allow defendant to engage in the Airbnb activities at issue here. (See fn. 4, *ante*.) However, any purported consent by the prior landlord is not dispositive. This is because the Addendum constituted an illegal contract in violation of existing regulations, and was therefore void and unenforceable. (See Civ. Code, § 1598 [generally, if object of contract is unlawful, then entire contract is void]; *Shephard v. Lerner* (1960) 182 Cal.App.2d 746, 749-751 [addendum to lease which authorized prior and continued use of premises as a hotel and apartment business by tenant despite code violations in violation of state and local law constituted "a contract for an illegal purpose" and was not enforceable].) Accordingly, defendant failed to satisfy her burden and the court properly granted plaintiff's MSJ.[12]

## DISPOSITION

The order granting plaintiff's motion for summary judgment, and the judgment, are affirmed. Plaintiff to recover costs on appeal.


_____
P. McKay, P. J.

We concur:


_____          _____
Ricciardulli, J.                                 B. Johnson, J.

---

[12]Summary judgment — as opposed to summary adjudication — was proper here. This is because "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action. [Citations.]" (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795.) Here, plaintiff asserted her right to restitution and possession of the premises based on different legal theories, as set forth in the three separate 10-day notices. The "cause of action," however, is based on the harm plaintiff suffered, rather than on the particular theory she asserted. (*Ibid.*, citing *Peiser v. Mettler* (1958) 50 Cal.2d 594, 605.) "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. (*Ibid.*) The propriety of the entry of summary judgment is further supported by the fact that plaintiff waived her right to back rent and damages to enable the judgment for possession to "issue forthwith."